Scott, Chief Judge.
The lien which the plaintiff sought to enforce in the court below is given by the “ act to create a lien in favor of mechanics and others in certain cases,” passed March 11,1843 (S. & C. 833). The 7th section of that act provides for the manner of making out, and filing in the office of the recorder of the proper county, an account, in writing, of the labor and materials furnished for which a lien is sought; and declares that the account so made and filed shall, for two years after the completion of such labor, or the furnishing of such materials, operate as a lien, etc. The 8th section reads as follows: “ That every person or persons holding such lien, may proceed to obtain judgment for the amount of his or their account thereon, according to the course of legal proceedings in like cases; and when any suit or suits shall be commenced on such accounts, within the time of such lien, the lien shall continue until such suit or suits be finally determined and satisfied.”
The plaintiff’, having perfected his lien by properly making out and filing his account, proceeded forthwith to obtain a judgment for the amount thereof, pursuant to the provisions of this section. But more than two years elapsed before he succeeded in obtaining a final judgment for the amount of his claim.1. Execution having been issued upon this judgment and returned unsatisfied, he’ then commenced the present action under the amendatory act of March 25,1851 (S. & C. 837), which is as follows: “ That any person or persons who now hold or shall hereafter hold a lien under .the above-recited act, may, in addition to the remedy therein provided for, proceed by petition in chancery, as in other cases of liens against the owner or owners of, and all other persons interested, either as lien-holders or otherwise,-in any such boat, vessel, or other water-craft, or house, mill, manufactory, or other building or appurtenance in the first section of said act mentioned, and the lot or lots of land on which the same shall stand, and obtaimsueh final decree therein for the rent or sale *153 thereof as justice and equity may require, anything in said act to the contrary notwithstanding.”
The theory of the defense is, that no action having been brought for the direct enforcement of plaintiff’s lien within two years from the completion of his work, the lien can no longer be asserted against the premises, which are held by "Wolf as a bona fide purchaser, without actual notice of plaintiff’s claim.
Prior to the passage of the amendatory act of T851, the holder of a mechanic’s lien could not have proceeded in equity to enforce it until he had first ascertained and liquidated the amount of his account by a judgment at law, as provided for in the 8th section of the original act. It was so held by tile Supreme Court (per Judge Hitchcock) on the circuit. Western Law Journal, vol. 8, p. 569.
And such was the evident understanding of the legislature, otherwise the amendatory act of 1851 would be wholly superfluous; for its sole purpose and effect is to permit the lienholder to proceed in equity in the first instance.
But this amendatory act left the original section 8 in full force. It simply gave a remedy “ in addition to ” that given by the original act. It allowed a lienholder “ to proceed by petition in chancery as in other cases of liens,” in the first instance, “ anything in said act to the contrary notwithstanding.”
The result is that a lienholder might still proceed, under section 8, to obtain a judgment at law on his account. In many cases he might obtain satisfaction of his judgment without the aid of a court of equity; and it is the clear policy of this section that this course might be adopted without prejudice to the lien. Its plain language is, “ when any suit or suits shall be commenced on such accounts within the time of such lien, the lien shall continue until such suit or suits be finally determined and satisfied.” The lien in this case was not created by a lis pendens, but by the filing of the account in the recorder’s office, of which Wolf had constructive notice; and be was thereby put upon inquiry whether suit had been brought on the account *154 within the two years given by the statute, and whether the judgment obtained thereon had been satisfied.
"We think the demurrer to defendant Wolf’s answer was well taken, and should have been sustained by the Court of Common Pleas, and that the District Court erred in affirming its judgment. We therefore reverse the judgments of each of said courts, and remand the cause to the Court of Common Pleas for further proceedings.
Day, Whitman, Wright, and Johnson, JJ., concurred.